UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORSEMEN'S PRIDE, INC.<br>10008 State Route 43<br>Streetsboro, Ohio 44241<br><br>Plaintiff,<br><br>v.<br><br>ETHICAL PRODUCTS, INC.<br>27 Federal Plaza<br>Bloomfield, NJ 07003<br><br>Defendant. | CIVIL ACTION NO._____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Horsemen's Pride, Inc., for its complaint against Defendant, Ethical Products, Inc., hereby demands a jury trial and states as follows:

**I.  THE PARTIES**

1. Plaintiff Horsemen's Pride, Inc. ("Horsemen's Pride") is a corporation organized under the laws of the State of Ohio with its principal place of business located at 10008 State Route 43, Streetsboro, Ohio 44241.

2. Upon information and belief, Defendant Ethical Products, Inc. ("EPI") is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 27 Federal Plaza, Bloomfield, New Jersey 07003.

**II.  JURISDICTION AND VENUE**

3. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over EPI because EPI has its principal place of business in this district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because EPI is incorporated in New Jersey and therefore resides in this district. In addition, EPI has a regular and established place of business in this district and has committed and/or induced acts of patent infringement in this district.

## IV. FACTUAL BACKGROUND

6. Plaintiff Horsemen's Pride was incorporated in 1976. For more than thirty years, Horsemen's Pride has been in the business of manufacturing products for the equine industry, such as feeders and tubs, buckets, mounting steps, tack trunks, display and stall supplies, horse jump products, the Sport Tote® bag, the Jolly Ball® horse toys, dollies, carts, and other equestrian toys.

7. Jolly Pets, an unincorporated division of Horsemen's Pride, was founded in 1994 to manufacture and sell products for the canine industry, with an emphasis on dog toys for every kind of breed and activity.

8. Horsemen's Pride is the owner by assignment of U.S. Patent No. 9,681,643 ("the '643 patent"), issued on June 20, 2017, to Robert J. Miavitz, entitled "Tug Toy." A true and correct copy of the '643 patent is attached as Exhibit 1.

9. Horsemen's Pride, through its Jolly Pets division, manufactures and sells a dog toy under the name JOLLY TUG, which is protected by the '643 patent.

## V. EPI'S UNLAWFUL ACTIVITIES

10. Defendant EPI operates a business selling dog toy products through its website, through third party retail stores, and through trade shows and third party online retailers.

11. Among the products that EPI is selling are its SPOT® brand "Stretch and Squeak" dog toys, which, as set forth below, infringe upon the '643 patent.

12. True and accurate color photographs of one of the accused Stretch and Squeak dog toys, as offered in EPI's catalog are shown below:







3





13. True and accurate color photographs of another one of the accused Stretch and Squeak dog toys, as offered in EPI's catalog are shown below:










14. True and accurate color photographs of yet another one of the accused Stretch and Squeak dog toys, as offered in EPI's catalog are shown below:



 

 

15. Each of the toys referred to in Paragraphs 12-14 of this Complaint are referred to as the "Stretch and Squeak Products" hereafter.

16. Horsemen's Pride first notified EPI of its provisional rights pursuant to 35 U.S.C. §154(d) in the '643 patent in a letter dated March 7, 2017, which included a copy of its published patent application, US 2017/00864427 A1, and advised EPI that once the application issued as a patent, Horsemen's Pride would pursue its legal remedies if EPI continued to sell products that infringed the claims of the '643 patent as issued.

17. After the issuance of the '643 patent, on July 5, 2017, Horsemen's Pride again requested that EPI cease its acts of patent infringement, and gave EPI actual notice of the '643 patent, but EPI continues to sell its infringing Stretch and Squeak Products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,681,643

18. Plaintiff incorporates the allegations and averments of paragraphs 1 through 17 above the same as though fully set forth in this paragraph.

19. Plaintiff is informed and believes, and on that basis alleges, that EPI has been and is now directly infringing at least claims 1-3, 6, 8-10, 12, 13 and 15 of the '643 patent in the State of New Jersey, in this judicial district, and elsewhere in the United States, by making, using, importing, selling, and/or offering to sell its Stretch and Squeak Products.

20. For example, EPI's Stretch and Squeak Products meet all of the limitations of independent claim 1 of the '643 patent, which recites a tug toy comprising: at least one gripping member and a central portion, wherein said at least one gripping member is attached to said central portion, and wherein said central portion further includes a noise maker, wherein said at least one gripping member is adapted to transmit force to said central portion and wherein said force comprises a first lateral force directed away from the central portion in the direction of a first gripping member.

21. Defendant EPI is directly infringing, literally infringing, and/or infringing the '643 patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '643 patent pursuant to 35 U.S.C. § 271.

22. As a result of Defendant EPI's infringement of the '643 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

23. On information and belief, Defendant EPI has had actual notice of the '643 patent, making EPI's infringement of the '643 patent willful and deliberate.

24. Unless a permanent injunction is issued enjoining Defendant EPI and its agents, servants, employees, affiliates, and all others acting in active concert therewith from infringing the '643 patent, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Horsemen's Pride prays for entry of judgment in its favor and against EPI as follows:

A. A judgment in favor of Plaintiff that Defendant has infringed the '643 patent;

B. A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert therewith from infringement of the '643 patent, or such other equitable relief that the Court determines is warranted;

C. A judgment and order requiring Defendant to pay to Plaintiff its damages from March 7, 2017 forward, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '643 patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

D. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of EPI's infringement.

E. An award to Plaintiff of its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F. An award to Plaintiff of such other and further relief as this Court deems just.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceedings.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Horsemen's Pride hereby demands a trial by jury on all issues triable to a jury.

Dated:  October 4, 2017

/s/ Jeffrey A. Cohen
Flaster Greenberg, PC
2nd Floor 1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
jeff.cohen@flastergreenberg.com
Phone: (856) 382-2240
Attorney for Plaintiff Horsemen's Pride, Inc.

Of Counsel:

R. Eric Gaum (OH Reg. No. 0066573)
regaum@hahnlaw.com
Amanda H. Wilcox (OH Reg. No. 0073832)
awilcox@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150

Attorneys for Plaintiff
Horsemen's Pride, Inc.

6424012 v1